■    JACOB LEVENTHAL, Respondent, v. FRANCES LEVENTHAL, Appellant.— In an action by the plaintiff husband to set aside, on the ground of fraud, a deed to real property made by him to himself and to his wife (the defendant) as tenants by the entirety, in which a judgment was entered November 21, 1961 in favor of the husband adjudging him to be the sole owner of said property (affd. by this court 18 A D 2d 666, mot. for lv. to app. den. 12 N Y 2d 646), the defendant wife appeals from an order of the Supreme Court, Queens County, entered July 29, 1963, which denied her motion to vacate said judgment on the ground that plaintiff was not the real party in interest and, that, therefore, his prosecution of the action violated section 210 of the former Civil Practice Act. Order affirmed, with $10 costs and disbursements. It appears that prior to entry of the judgment the plaintiff husband had conveyed the property in question to a third person. On the wife's prior appeal to this court from an order of February 11, 1963, which granted the husband's motion for a writ of assistance pursuant to section 985 of the former Civil Practice Act, she raised the same contention as the one raised on the present appeal. On July 1, 1963 that order was affirmed (19 A D 2d 777). The same contention was also raised on a motion to vacate the writ of assistance. That motion was denied by an order of Special

Term, dated April 17, 1963, from which no appeal was taken. While, with exceptions not here pertinent, the statute (former Civ. Prac. Act, § 210) provided that an action must be prosecuted by the real party in interest, the statute (Civ. Prac. Act, § 83; now CPLR, § 1018) also provided that the action may be continued after a transfer of interest by or against the original party unless the court directed that the transferee be substituted or joined. Section 83 of the Civil Practice Act qualified section 210 thereof to the extent that section 83 was applicable (2 Carmody-Wait, New York Practice, § 30, p. 100 and cases there cited). Moreover, defendant was not prejudiced by the transfer (2 Carmody-Wait, New York Practice, § 30, p. 100). Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.