■ EDWARD N. BOVA et al., Plaintiffs, and DONNA DEUEL et al., Respondents, v BENJAMIN J. VINCIGUERRA et al., Appellants.—Kane, J. Appeal from an order of the Supreme Court (Ford, J.), entered June 29, 1987 in Saratoga County, which denied defendants' motions to strike the note of issue filed by various plaintiffs.

In 1980, plaintiffs commenced the instant action against defendants alleging, *inter alia,* that defendants had wrongfully erected a fence on plaintiffs' common easement over defendants' lands. Plaintiffs claimed that this resulted in an obstruction of their access to a boat launch and dock located on Saratoga Lake, Saratoga County. The facts giving rise to the instant appeal insofar as we are able to discern them from the parties' briefs and from the record before us are as follows. Apparently, a note of issue was initially filed in 1982 but was withdrawn and, thereafter, sometime in December 1986, a second note of issue was filed. It appears that several plaintiffs named in the original complaint and in the first note of issue were not named in the second note of issue. As a result, defendants Benjamin J. Vinciguerra and Ouna Vinciguerra moved to strike the note of issue and defendant Joseph J. Charon also moved for the same relief. Defendants claimed that certain plaintiffs had died since commencement of the action and certain other plaintiffs had sold their properties to

third persons. Defendants argued that a substitution of parties was therefore required before the suit could proceed further. Defendants' motions were opposed by those plaintiffs named in the second note of issue. Supreme Court denied defendants' motions on the ground that the affidavits made to support these motions were "factually insufficient to support the conclusory allegations therein". Defendants have appealed.

We affirm. Defendants claim that plaintiff George Bowers died and that his wife, plaintiff Helen Bowers, thereafter conveyed the property. They also claim that plaintiffs Edward N. Bova, Eleanor T. Bova and Jessie Wienclawski have sold their properties. None of these plaintiffs are participating in the instant appeal and they no longer appear to be participating in the action. The remaining plaintiffs who are participating on this appeal, while not specifically conceding these facts, do not dispute them. However, in the papers before Supreme Court, defendants made no such specific assertions as to which parties had died or which parties had transferred their interests. The affidavits submitted in support of defendants' motions were made by defendants' attorneys and not by defendants themselves and, aside from the attorneys' broad statements that "certain of the plaintiffs have sold their premises" and that "certain other plaintiffs have become deceased", the affidavits did not specifically allege any facts to support these statements and no evidence to support these assertions was ever provided.

An affidavit in support of a motion is to be made by those with knowledge of the facts and: "The attorney's affidavit, unless he happens to have first-hand knowledge—which is the exception rather than the rule—has no probative force" (Siegel, NY Prac § 281, at 337). Personal knowledge is not presumed from a mere positive averment of the facts (1 Carmody-Wait 2d, NY Prac § 4:28, at 644). A court should be shown how the deponent knew or could have known such facts and if there is no evidence from which the inference of personal knowledge can be drawn than it is presumed that such does not exist (1 Carmody-Wait 2d, NY Prac § 4:28, at 644-645). Here, the affidavits were clearly insufficient. Not only was there a failure to offer any evidence to support the assertions made therein, but the affidavits simply contained conclusory statements as to the status of certain plaintiffs involved in the action. Therefore, Supreme Court properly denied defendants' motions on this basis.

Even were we to accept the specific allegations currently set forth by defendants on this appeal, we still find them insuffi-

cient to warrant striking the note of issue. As to the claim that George Bowers died, it is true that when a plaintiff dies all proceedings as a matter of law are stayed until an order of substitution is made (CPLR 1015, 1021; *Grillo v Tese,* 113 AD2d 871, 873). However, where a party's demise does not affect the merits of a case, which appears to be the situation here, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution, and therefore there is no need to strike the note of issue *(see,* 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1015.08; *see also, Braynard v Morgan,* 50 AD2d 810, 811 [note of issue not vacated although filed after party's death and before order of substitution]). Additionally, if the cause of action survives to a coplaintiff, here Helen Bowers, the action can proceed without a substitution with the death simply being noted on the record *(see,* CPLR 1015 [b]; *Nieves v 331 E. 19th St. Corp.,* 112 AD2d 59, 60). The manner of the Bowers' ownership is not disclosed on this record but since defendants also claim that Helen Bowers transferred the property, it appears that all rights to it survived to her and, therefore, no substitution due to death was required *(see, Matter of Heller v Rogers,* 26 AD2d 640). Finally, any party, including defendants, could have moved for substitution (CPLR 1021) which, in this case, defendants did not do. Therefore, on the basis of these facts, we see no need to strike the note of issue on this ground.

With respect to the assertion that certain plaintiffs transferred their properties, in such a situation, unless the court in its discretion otherwise orders, the action may be continued by the original parties *(see,* CPLR 1018; *Leventhal v Leventhal,* 19 AD2d 898). Here, too, defendants could have moved for substitution (CPLR 1021) and, unlike the case of a party's death, where there has been a transfer of interest, the failure to move for substitution has no effect on the continued progress of the action (2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1018.03). Premises that have been conveyed after the suit has been commenced do not affect the action and a judgment obtained binds the transferees since they took title subject to the pending action *(see,* 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1018.02; 3 Carmody-Wait 2d, NY Prac § 19:162, at 457-458; *see also, Collins v Tashjian,* 124 AD2d 629, 631, *appeal dismissed* 69 NY2d 947). Therefore, on this ground as well, we see no need to strike the note of issue.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.