■ FRANCIS B. FROEHLICH et al, Appellants-Respondents, v TOWN OF HUNTINGTON, Respondent-Appellant.—In an action, *inter alia,* for a declaration that the zoning classifications of five parcels of land in the defendant Town of Huntington are unconstitutional, the plaintiffs appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Cohalan, J., on decision; Cromarty, J., on judgment), entered July 27, 1984, which, *inter alia,* declared that the Zoning Code of the Town of Huntington "is constitutional with regard to providing a proper well-ordered plan to meet community and regional housing needs" and the Town of Huntington cross-appeals from so much of the same judgment as declared that the zoning classifications of two of the parcels is unconstitutional and confiscatory and barred enforcement of the existing zoning classifications as to those parcels.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, for reasons stated by the late Justice John P. Cohalan at the Supreme Court.

The property involved in this action consists of five parcels totaling about 208 acres in the defendant Town of Huntington (hereinafter the Town) which were zoned primarily for single-family homes on one-acre lots. The plaintiffs commenced this action in 1980, alleging, *inter alia,* that the Town of Huntington Zoning Code violated State law by failing to provide zoning districts for multifamily housing sufficient to meet the community's needs and that the zoning classifications of these

particular parcels were unconstitutional and confiscatory. Following a trial in 1982, the Supreme Court declared that the zoning classifications were unconstitutional and confiscatory with respect to two of the five parcels and granted judgment in the favor of the Town on all the other issues. In 1987, the plaintiffs sold the subject property. The new owners were never substituted in the action.

This court granted permission to the Huntington United Civic Associations (hereinafter HUCA) to submit an *amicus curiae* brief on the issue of whether the plaintiffs' transfer of their interest in the property rendered the appeal moot. We conclude that this contention is without merit. As the original parties, the plaintiffs can continue the action even though their interest in the property was transferred while the appeal was pending *(see,* CPLR 1018; *Udell v Haas,* 20 NY2d 862).* The issues are not academic since the judgment is binding on the new owners *(see, Bova v Vinciguerra,* 139 AD2d 797; *Collins v Tashjian,* 124 AD2d 629, *appeal dismissed* 69 NY2d 947).

In its brief, HUCA raises the additional contention that the appeal should be dismissed and the matter remitted to the trial court to determine the impact of the property's designation in 1987 as a special groundwater protection area under the Sole Source Aquifer Protection Act *(see,* ECL 55-0113 [1] [c]). We find that, at this stage of the litigation, HUCA's concerns about enforcement of the protections afforded this property under the statute should be addressed initially to the appropriate governmental agencies. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.