■ RIMFA ENGLAND et al., Appellants, v JAMES SANFORD, Respondent.—Order of the Supreme Court, New York County (William J. Davis, J.), which denied plaintiffs' motion to amend the complaint, is unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion granted, without costs.

Plaintiff alleges that she sustained personal injuries as a

result of eating unwholesome food at a party catered by defendant. She sued defendant on the theory that he was negligent "in procuring, processing, handling, refrigerating, and serving the food", but subsequently sought leave to amend the complaint so as to add breach of warranty and strict products liability as additional theories. IAS denied leave to amend, holding that neither theory was viable since the service aspects of defendant's contract with the host of the party predominated over its sales aspects, i.e., that defendant was engaged mainly to organize a party and that his provision of food was merely incidental to this main purpose (citing *Milau Assocs. v North Ave. Dev. Corp.*, 42 NY2d 482; *Verra v Koluksuz*, 74 AD2d 932). This was error. From a pragmatic point of view *(see, Milau Assocs. v North Ave. Dev. Corp., supra,* at 486), there is little if anything to distinguish defendant's relationship to the guests of this party from a restaurant owner's relationship to his paying customers. No less in one instance than the other does the consumer of food have a reasonable expectation that the food being served is safe to eat. If policy considerations dictate that a restaurant owner should be liable without fault for serving unwholesome food (Uniform Commercial Code § 2-314 [1]; *Temple v Keeler,* 238 NY 344), so too should a caterer, and it should make no difference that, unlike the relationship between a restaurant and its customers, privity is lacking between the caterer and the guests at the party he caters *(see,* Uniform Commercial Code § 2-318). Although the two proposed theories do seem redundant *(see, Heller v U.S. Suzuki Motor Corp.,* 64 NY2d 407, 411 ["there is no need to recognize an action on implied warranty for personal injuries, and contend with the serious conceptual problems which arise when it is applied to personal injury actions, if the jurisdiction recognizes a tort action in strict products liability as New York does"]), at this juncture we permit both to stand absent argument from defendant that one or the other should be dismissed.

We agree with defendant that plaintiff's delay in seeking leave to amend was inordinate and unexplained, but disagree that he was prejudiced as a result. While it is true that defendant has prepared his defense on the understanding that negligence was the only claim being made against him, it is also true that no new facts are alleged under the additional causes of action plaintiff would now interpose *(see,* Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C3025:8, at 359), and it would seem that whatever legal, as opposed to factual, objections defendant might have

against the new causes of action have already been made in opposition to the motion to amend. In short, we grant leave to amend without imposition of cost sanctions as it does not appear that the amendment will cause any significant inconvenience or expense which would not have been incurred had the two new theories been more timely asserted. Concur— Rosenberger, J. P., Kassal, Wallach, Smith and Rubin, JJ.