■ Kostas Pritzakis, Appellant, v Thomas A. Sbarra et al., Doing Business as Fuller Hollow Associates, Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. Robert A. Brooks, P. C., et al., Third-Party Defendants-Respondents. (And Another Related Action.) [607 NYS2d 470] — White, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered December 9, 1992 in Broome County, which, *inter alia,* granted the cross motions of certain defendants and third-party defendants for summary judgment dismissing the complaint.

Lawrence J. Paffie and Kostas Pritzakis owned contiguous parcels of real property in the Town of Vestal, Broome County. When Pritzakis began constructing a house on his property, Paffie advised him that it encroached on his property and requested that he remove it. As his request was not honored, Paffie filed a notice of pendency and commenced action No. 1 against Pritzakis and Thomas A. Sbarra, Louis Sbarra, F. Patrick Incle, Harvey C. Shapiro and Nelson F. Migdal, doing business as Fuller Hollow Associates (hereinaf-

ter FHA), the entity that conveyed the property to Pritzakis, seeking, *inter alia,* a temporary injunction and damages. Pritzakis then commenced action No. 2 in May 1989 against Paffie for wrongfully commencing action No. 1 and filing a notice of pendency, and against FHA for breach of deed warranties in the event an encroachment did exist. FHA cross-claimed against Paffie and initiated a third-party action against Robert A. Brooks, P. C. and Robert A. Brooks (hereinafter collectively referred to as Brooks), the surveyor who surveyed Pritzakis' property. In April 1992, faced with imminent foreclosure, Pritzakis gave a deed in lieu of foreclosure to the mortgagee, Belknap Lumber Company.

Thereafter, Pritzakis moved to amend his complaint to reduce and define the damages sought and to include a cause of action against Thomas Sbarra and Louis Sbarra in their individual capacities. FHA and Brooks cross-moved for summary judgment. Supreme Court granted the cross motion, finding that Pritzakis lost his standing to continue this action when he unconditionally conveyed the property to Belknap. Pritzakis' motion was denied as moot. This appeal by Pritzakis followed.

We reverse. It has long been established that where, after an action is brought involving real property and during its pendency, the plaintiff conveys the property to another, he or she may continue the action unless the court directs that the grantee be substituted* *(see, Loretto v Teleprompter Manhattan CATV Corp.,* 53 NY2d 124, 136, *revd on other grounds* 458 US 419; *Udell v Haas,* 20 NY2d 862; *McGean v Metropolitan El. Ry. Co.,* 133 NY 9, 13-14; *Froehlich v Town of Huntington,* 159 AD2d 606, *appeal dismissed* 76 NY2d 935, *lv denied* 77 NY2d 803; *Bova v Vinciguerra,* 139 AD2d 797; *Leventhal v Leventhal,* 19 AD2d 898; *see also,* CPLR 1018). Accordingly, as Belknap had not been substituted, Supreme Court should not have found that Pritzakis lacked standing to continue this action.

Our reversal revives Pritzakis' motion to amend his complaint. While the parties did not discuss this issue in their briefs, their positions are fully articulated in their motion papers that are included in the record. For that reason, and because we are vested with the same power and discretion as Supreme Court *(see, Brady v Ottaway Newspapers,* 63 NY2d 1031, 1032), we shall consider Pritzakis' motion. Leave to

---

* Substitution is not necessary in this instance because Paffie and Belknap have settled the underlying boundary dispute by stipulation.

amend pleadings is freely given in the absence of a showing of prejudice or that the proposed amendment plainly lacks merit *(see, Crimmins Contr. Co. v City of New York,* 74 NY2d 166, 170; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959). Prejudice in this context means that the party opposing the amendment has been hindered in the preparation of its case or has been prevented from taking some measure in support of its position *(see, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23). Although the proposed amendment asserts a cause of action against new parties, Thomas Sbarra and Louis Sbarra, we find that they will not be prejudiced because they have been sufficiently apprised of Pritzakis' claim given the fact that, as partners, they are united in interest with FHA and the fact that the proposed cause of action involves the same facts and transaction that underlie the original complaint. Therefore, we shall grant Pritzakis' motion to amend his complaint.

Finally, we shall deny FHA's alternative motion for an order limiting Pritzakis' damages to those which accrued on or before January 1, 1990 because, as FHA concedes in its brief, the stipulation upon which this claim is based was never effectuated.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, motion granted and cross motions denied.

