■ Daniel A. Garrison, III, et al., Appellants, v Wm. H. Clark Municipal Equipment, Inc., et al., Respondents. (And a Third-Party Action.) [657 NYS2d 477] —Peters, J. Appeal from an order of the Supreme Court (Keegan, J.), entered July 23, 1996 in Albany County, which denied plaintiffs' motion for leave to serve an amended complaint.

On August 8, 1991, plaintiff Daniel A. Garrison, III, an employee of the Village of Colonie in Albany County, was working as a member of a crew engaged in cleaning a storm sewer drain. Plaintiff was seriously injured when a canopy door on the sewer cleaning equipment he was operating, called a CamelJet, was struck by a second piece of sewer cleaning equipment, causing the canopy door to disengage and strike plaintiff on the head.

Plaintiff and his wife commenced this action in August 1994 against defendant Super Products Corporation, manufacturer of the CamelJet, and defendant Wm. H. Clark Municipal Equipment, Inc., its distributor, alleging causes of action in negligence and strict products liability based upon an inherent design defect in the CamelJet. Following joinder of issue and the completion of discovery, plaintiffs moved for leave to serve an amended complaint to add a cause of action for breach of implied warranty. Supreme Court denied the motion and plaintiffs now appeal.

While leave to amend pleadings should be "freely given" (CPLR 3025 [b]), the decision to do so rests within the trial court's discretion (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959) and the exercise of that discretion will not be lightly set aside (*see, Allen v Vuley*, 223 AD2d 868, 869).

Here, the record does not contain sufficient evidence that defendants would be significantly prejudiced by the amendment (*see, Mathiesen v Mead*, 168 AD2d 736). "Prejudice in this context means that the party opposing the amendment

has been hindered in the preparation of its case or has been prevented from taking some measure in support of its position" (*Pritzakis v Sbarra*, 201 AD2d 797, 799). The proposed amendment is based upon the same facts as alleged in the original complaint. Only a different legal theory is asserted (*see, Smith v Industrial Leasing Corp.*, 124 AD2d 413, 414) which, we note, requires proof which is necessarily uniquely intertwined with the existing negligence and strict products liability causes of action (*see, Denny v Ford Motor Co.*, 87 NY2d 248; *Mortka v K-Mart Corp.*, 222 AD2d 804). Although discovery has been completed, there is no evidence that the delay in seeking to interpose the breach of implied warranty claim would "hinder" future discovery or preclude defendants from "taking some measure in support of [their] position" (*Pritzakis v Sbarra, supra*, at 799). Merely because the amendment may require defendants to conduct additional discovery does not, alone, constitute sufficient grounds to justify denial of the motion (*see, Smith v Industrial Leasing Corp., supra*, at 414). We do not reach a different conclusion even where, as here, plaintiffs' interrogatory response stated that a breach of warranty claim would not be made (*see, England v Sanford*, 167 AD2d 147, 148-149, *affd* 78 NY2d 928).

Finally, insofar as our review of the record does not lead us to conclude that the proposed breach of implied warranty cause of action is plainly lacking in merit, we find that the denial of the motion was unwarranted (*compare, Mortka v K-Mart Corp., supra*).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.