■ DEBRA L. ROTHBERG, Appellant, v SAMUEL D. REICHELT et al., Defendants, and L. BOGDANOW AND ASSOCIATES, ARCHITECTS et al., Respondents. [742 NYS2d 150] —Mugglin, J. Appeals (1) from an order of the Supreme Court (Connor, J.), entered January 18, 2001 in Columbia County, which denied plaintiff's motion to set aside the verdict, and (2) from the judgment entered thereon.

Plaintiff retained defendant L. Bogdanow and Associates, Architects (hereinafter the architects) to design her residence in Columbia County. On defendant Lawrence Bogdanow's recommendation, plaintiff contracted with defendant Samuel D. Reichelt to construct the residence. When illness prevented Reichelt from completing construction, again at Bogdanow's suggestion, plaintiff contracted with John Pollock to complete construction of the project. Plaintiff sued, among others, Reichelt for breach of contract, negligent performance of contract and fraud, and the architects and Bogdanow (hereinafter collectively referred to as Bogdanow) for breach of contract and architectural malpractice. Reichelt commenced a third-party action against Pollock in which, inter alia, he asserted a claim for negligence. Pollock's appeal from the denial of his summary judgment motion seeking dismissal, inter alia, of the negligence claim against him was the subject of a previous decision by this Court in this matter (270 AD2d 760). We found no relationship, contractual or otherwise, between Reichelt and Pollock giving rise to a duty which would support a claim of negligence on behalf of Reichelt against Pollock (*id.* at 763). Moreover, we found that Reichelt could not assert a claim for contribution because, despite the complaint asserting, inter alia, causes of action for negligent performance and professional malpractice, the measure of damages sought by plaintiff was solely for economic loss of her contractual bargain in which no claim for contribution lies (*id.* at 762).

Despite the clear language of this decision, following the close of evidence at the ensuing trial against Bogdanow, Supreme Court charged the jury, inter alia, as to apportionment among joint tortfeasors, these being Bogdanow, Reichelt (with whom plaintiff had settled) and Pollock, a nonparty. Although the jury found that Bogdanow was negligent in the design of plaintiff's house and that Bogdanow breached the contract, it concluded that such breach and/or negligence was not a substantial factor in causing plaintiff's damage. Supreme Court thereafter denied plaintiff's motion to set aside the verdict. Plaintiff appeals.

All damages proved by plaintiff ($16,800 for cost of repairing Bogdanow's failure to design an infiltration barrier in the building and $188,500 diminution in value between the building as it was intended to be constructed and the actual product) have their genesis in the contractual relationship between the parties and its breach. No other consequential damages separately flowing from the claim of architectural malpractice were proven (*see, Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389, 396). Since no tort damages are claimed, apportionment among parties perceived to have been negligent is inappropriate (*see*, 270 AD2d 760, 762, *supra*), and Supreme Court erred in so charging. Moreover, this error was compounded by Supreme Court's confusing language that "[n]ow there may be more than one proximate cause of damage where two parties, by their separate, independent acts of negligence, furnished direct cause to a single damage. It's not possible to determine which proportion each can contribute to that damage, either it is responsible for the total damage, even though his act alone might not have caused the entire damage, and even though the acts are not equal in degree." Supreme Court also failed to charge that portion of the Pattern Jury Instructions which provides: "Whether the negligence of a particular party was a substantial factor in causing an injury does not depend on the percentage of fault that may be apportioned to that party" (PJI3d 2:70 [2001]). It is evident that substantial juror confusion resulted. The verdict sheet given the jury first asked whether or not Bogdanow was negligent in designing the building or had breached the contract. The second question asked whether such breach of contract or negligence was a substantial factor in causing damage to plaintiff. The third and fifth questions asked whether the two contractors were negligent and the fourth and sixth questions concerned whether such negligence was a substantial factor in causing damage to plaintiff. The seventh question asked the jury to apportion liability among these entities.

Significantly, before answering any question, the jury sent a question to Supreme Court as follows: "If the jury rules yes on question number one and no on question number two, are we allowed to give a percentage of damages to the plaintiff, or are we obligated to proceed to question number three? If we are not allowed to go to question number three, do deliberations end?" After further instructions, the jury then answered question number one yes and question number two no and returned to the courtroom.

Despite the fact that the jury did not reach the issue of apportionment, on this record we conclude that the error was not harmless because there is a view of the evidence under which plaintiff could have prevailed (*see, Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 43; *Bjelicic v Lynned Realty Corp.*, 152 AD2d 151, 154, *appeal dismissed* 75 NY2d 947). In addition, Supreme Court's charge failed to incorporate adequately the factual contentions of the parties in discussing the legal principles charged (*see, Green v Downs*, 27 NY2d 205, 208). For these reasons, we conclude there should be a new trial.

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the order and judgment are reversed, on the law and the facts, with costs, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.