■ DEBRA L. ROTHBERG, Appellant, v SAMUEL D. REICHELT et al., Defendants, and L. BOGDANOW AND ASSOCIATES, ARCHITECTS, et al., Respondents. [772 NYS2d 637]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Stein, J.), entered August 4, 2003 in Columbia County, which, inter alia, denied plaintiff's motion for leave to serve a second amended complaint.

On two prior occasions in the eight-year history of this litiga-

tion, we have reviewed various issues (*see* 293 AD2d 948 [2002]; 270 AD2d 760 [2000]). Plaintiff's current motion seeks leave to amend the complaint to eliminate those parties with whom she has previously settled, i.e., everyone except defendants L. Bogdanow and Associates, Architects and Lawrence Bogdanow (hereinafter collectively referred to as Bogdanow), to eliminate a cause of action for architectural malpractice and to modify her breach of contract action against Bogdanow to allegations concerning only the design of the roof and the failure to specify the installation of an infiltration barrier, thus reducing the amount of damages sought.* Supreme Court's denial of the motion prompts this appeal.

Leave to amend a complaint is freely granted in the absence of prejudice or surprise resulting from delay in making the motion unless the proposed amendment is devoid of merit (*see Moon v Clear Channel Communications*, 307 AD2d 628, 629 [2003]; *Acker v Garson*, 306 AD2d 609, 609-610 [2003]; *Selective Ins. Co. v Northeast Fire Protection Sys.*, 300 AD2d 883, 883 [2002]). Such motions are addressed to the discretion of the trial court, whose decision remains undisturbed absent clear abuse (*see Albany-Plattsburgh United Corp. v Bell*, 307 AD2d 416, 420-421 [2003]; *Matter of Seelig*, 302 AD2d 721, 723 [2003]; *Aiello v Manufacturers Life Ins. Co. of N.Y.*, 298 AD2d 662, 662 [2002], *lv dismissed and denied* 99 NY2d 575 [2003]).

Prejudice to the nonmoving party is shown where that party is "hindered in the preparation of its case or has been prevented from taking some measure in support of its position" (*Pritzakis v Sbarra*, 201 AD2d 797, 799 [1994]; *see State of New York v Super Value*, 257 AD2d 708, 710 [1999], *lv denied* 93 NY2d 815 [1999]; *Garrison v Clark Mun. Equip.*, 239 AD2d 742, 742-743 [1997]). Here, because all prior pleadings are superceded by the amended pleading (*see Schoenborn v Kinderhill Corp.*, 98 AD2d 831, 832 [1983]), Supreme Court determined that Bogdanow would be prejudiced by its inability to question plaintiff's motivation and credibility through the use of allegations contained in her prior complaints. Plaintiff's arguments for simplification of issues and concerning alternate sources for attacking her motivation and credibility notwithstanding, we find no clear abuse of Supreme Court's exercise of its discretion, particularly where, as here, plaintiff can voluntarily limit the proof at trial without amending the pleading and she waited in

---

* Supreme Court's denial of plaintiff's motion to add Bogdanow's recently formed corporation as a party defendant has not been addressed by plaintiff in her brief and is, therefore, abandoned (*see Gibeault v Home Ins. Co.*, 221 AD2d 826, 827 n 2 [1995]).

excess of one year from our last decision to make the motion (*see Thibeault v Palma*, 266 AD2d 616, 617 [1999]).

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.