■ BUYWISE HOLDING, LLC, Appellant, v JOHN A. HARRIS, Respondent, et al., Defendant. [821 NYS2d 213]—

In an action pursuant to RPAPL 1501 (4) to cancel and discharge of record a mortgage on the subject real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated December 9, 2004, as denied its motion for leave to enter a default judgment and, sua sponte, directed dismissal of the complaint.

Ordered that on the court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint, is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the complaint is reinstated, and the motion is granted.

On February 15, 1989, Anna Mills Smith, the mortgagor and previous owner of certain real property located at 478 Classon Avenue in Brooklyn (hereinafter the property), executed a mortgage on the property in the amount of $15,750 in favor of Alexander E. Harris, the mortgagee. Under the terms of the mortgage, the mortgage note was to mature on August 15, 1989. On that date, the mortgagee was entitled to one single payment

of the principal and interest. In addition, the mortgage contained an acceleration clause which provided in relevant part that "the whole of said principal sum and interest shall become due at the option of the mortgagee: after default in the payment of any installment of principal or interest for fifteen days."

On April 30, 1991, the mortgagee executed a certificate of reduction and reduced the principal balance due on the mortgage to the sum of $9,000. On March 7, 2002, the mortgagee died, and thereafter the mortgagee's son, the defendant John A. Harris (hereinafter the defendant), was appointed as the administrator of the mortgagee's estate.

On April 15, 2003, the plaintiff purchased the property from Smith. At the time of the sale, the subject mortgage still encumbered the property.

The plaintiff filed a notice of pendency of this action dated September 23, 2003, to extinguish the defendant's mortgage. On or about November 12, 2003, the plaintiff commenced this action pursuant to RPAPL 1501 (4) to cancel and discharge the subject mortgage on the ground that the statutory limitations period applicable to the foreclosure of the mortgage expired and was not abated or tolled. During the pendency of this action, on March 9, 2004, the plaintiff sold the property to Angel Frias and Teresa Rodriguez (hereinafter the purchasers). At the closing, the purchasers' title company required the plaintiff to deposit $9,000 into the title insurance company's escrow account pending the discharge of the subject mortgage of record.

Upon the defendant's failure to answer the complaint, the plaintiff moved for leave to enter a default judgment. The defendant opposed the motion, inter alia, on the ground that the plaintiff relinquished its standing to prosecute the action once it transferred the property encumbered by the subject mortgage. The Supreme Court, inter alia, denied the plaintiff's motion and, sua sponte, directed dismissal of the complaint. We reverse the order insofar as appealed from.

Although the plaintiff never raised before the Supreme Court that, pursuant to CPLR 1018, it could continue prosecuting the action despite its transfer of the property, this question is one of law that may be considered on appeal since the plaintiff's brief presents no new facts and the matter could not have been avoided by the defendant if brought to his attention at the proper juncture (see *Chambers v Old Stone Hill Rd. Assoc.*, 303 AD2d 536, 538 [2003], *affd* 1 NY3d 424 [2004]; *Libeson v Copy Realty Corp.*, 167 AD2d 376, 377 [1990]; *Block v Magee*, 146 AD2d 730, 732 [1989]; *Matter of Knickerbocker Field Club v Site Selection Bd. of City of N.Y.*, 41 AD2d 539, 540 [1973]).

Under CPLR 1018, "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." Since the Supreme Court did not direct that the purchasers be substituted or joined in the action, the Supreme Court should have permitted the plaintiff to continue the action rather than dismissing it (*see* CPLR 1018; *Loretto v Teleprompter Manhattan CATV Corp.,* 53 NY2d 124, 136 [1981], *revd on other grounds* 458 US 419 [1982]; *Udell v Haas,* 20 NY2d 862 [1967]; *Phillips v West Rockaway Land Co.,* 203 App Div 202, 206 [1922]; *Pritzakis v Sbarra,* 201 AD2d 797, 798 [1994]; *Froehlich v Town of Huntington,* 159 AD2d 606, 607 [1990]; *Leventhal v Leventhal,* 19 AD2d 898, 899 [1963]; *cf. Matter of Commercial Bank of Informatics & Computing Technique Dev. Bank Informtechnika v Ostashko,* 274 AD2d 516, 517-518 [2000]; *Good Old Days Tavern v Zwirn,* 259 AD2d 300, 300-301 [1999]).

In addition, the Supreme Court should have granted the plaintiff's motion for leave to enter a default judgment. The defendant failed to demonstrate a reasonable excuse for his default and the existence of a meritorious defense (*see* CPLR 3215; *Giovanelli v Rivera,* 23 AD3d 616 [2005]; *Thompson v Steuben Realty Corp.,* 18 AD3d 864, 865 [2005]). Further, the defendant failed to bring an action to foreclose the subject mortgage within the applicable six-year statute of limitations (*see* RPAPL 1501 [4]; CPLR 213 [4]; *see e.g. Rack v Rushefsky,* 5 AD3d 753 [2004]; *Albin v Pearson,* 266 AD2d 487 [1999]), and there is no basis for tolling or abating the statute of limitations (*cf. Martini v Rogers,* 6 AD3d 404 [2004]). Accordingly, the plaintiff's motion for leave to enter a default judgment should have been granted. Prudenti, P.J., Adams, Rivera and Lifson, JJ., concur.