*680 In a proceeding pursuant to RPTL article 7, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (De Maro, J.), dated January 31, 2007, as denied that branch of its petition which was to reclassify its real property from class 4 to class 1 on the 2006/07 tax roll.
Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the petition which was to reclassify the petitioner’s real property from class 4 to class 1 on the 2006/07 tax roll is granted, and the matter is remitted to the Nassau County Department of Assessment for tax assessment and a refund in accordance herewith.
On January 18, 2005 the zoning designation of the subject real property, a parcel of vacant land that the petitioner bought in April 2004, was changed from commercial to residential in anticipation of the construction of five residences on the premises. In a letter dated February 21, 2006 the petitioner requested that the Board of Assessors of the County of Nassau (hereinafter the Board) adjust the 2006/07 tax assessment roll to reflect the class 1 property classification, and that the tax assessment be reduced accordingly. When the Board failed to respond to the letter, and the tax classification of the property on the final 2006/07 tax roll continued to be listed as commercial tax class 4, the petitioner commenced the instant proceeding in the Supreme Court to reclassify the real property, reduce the tax assessment, and refund it for the 2006/07 taxes based on the revised assessment. The Supreme Court denied the petition.
Although the petitioner and the Supreme Court relied on Nassau County Administrative Code § 6-24.1 (L 1939, chs 272, 701-709, as amended), and the petitioner failed to raise the applicability of Nassau County Administrative Code § 6-2.1 (b) before the Supreme Court, this issue may be considered on appeal since it is a question of law that appears on the face of the record which, had it been brought to the attention of the Supreme Court, could not have been avoided (see Buywise Holding, LLC v Harris, 31 AD3d 681, 682 [2006]; Beepat v James, 303 AD2d 345, 346 [2003]; Weiner v MKVII-Westchester, 292 AD2d 597, 598 [2002]; Block v Magee, 146 AD2d 730, 733 [1989]).
We agree with the petitioner that, pursuant to Nassau County Administrative Code § 6-2.1 (b), the property should have been reclassified from a commercial tax rate to a residential tax rate *681 for the 2006/07 tax year. Mastro, J.E, Skelos, Balkin and Belen, JJ., concur.