*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                517966
_____

RED HOUSE FARM, INC.,
                    Appellant,

            v                           MEMORANDUM AND ORDER

LAD ENTERPRISES, LLC,
                    Respondent.
_____


Calendar Date:   September 10, 2014

Before:  Lahtinen, J.P., McCarthy, Rose and Lynch, JJ.

                    _____


        Tabner, Ryan and Keniry, LLP, Albany (William F. Ryan Jr.
of counsel), for appellant.

        Goldman Attorneys, PLLC, Albany (Paul J. Goldman of
counsel), for respondent.


                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Nolan Jr., J.),
entered September 4, 2013 in Saratoga County, which, among other
things, granted defendant's cross motion to dismiss the
complaint.

        Plaintiff and defendant own separate parcels of real
property located on Thompson Hill Road, a town highway by use, in
the Town of East Greenbush, Rensselaer County.  Both parcels are
located in the Town's sewer district.  At defendant's request,
the Town Board of East Greenbush authorized defendant to install,
at its own expense, a main sewer line under the roadway
traversing plaintiff's parcel.  Plaintiff objected and commenced
this action seeking, among other things, to enjoin installation
and use of the sewer line.  When plaintiff moved for a

preliminary injunction, defendant cross-moved to dismiss the complaint for failure to state a cause of action. Supreme Court granted the cross motion and dismissed the complaint, finding that the installation of the sewer line was authorized by Town Law § 198 (1) (e). Plaintiff appeals.[1]

We affirm. Plaintiff's contention that the sewer line imposed a burden on its property beyond the necessary use of the highway as a public easement ignores the plain language and legislative history of Town Law § 198. As relevant here, that statute provides that sewer districts established by a town board may cause sewer pipes to be laid in or below the surface of any public highway "as a necessary use of the highway and for highway purposes, without obtaining any easement therefor from the owner of the fee of the land in said public highway" (Town Law § 198 [1] [e]).

The current version of Town Law § 198 was amended in 1938 (see L 1938, ch 634, § 2) to include the language that we have quoted above in order "to make definite and clear" a town's power to lay sewer pipes, storm water sewers and water mains under highways (Mem of Association of Towns, Bill Jacket, L 1938, ch 634 at 6-7). Given the plain language of the statute and its legislative history (see generally Riley v County of Broome, 95 NY2d 455, 463-464 [2000]; Matter of Valentine v American Airlines, 17 AD3d 38, 40 [2005]), we agree with Supreme Court that the installation of the sewer lines without plaintiff's permission was authorized "as a necessary use of the highway and for highway purposes" by Town Law § 198 (1) (e), and the complaint was properly dismissed. Plaintiff's remaining

---

[1] Although defendant claims that the appeal should be dismissed because plaintiff sold its property during the pendency of the appeal, we cannot agree. The complaint has not been rendered academic to the extent that it seeks damages for trespass and, in any event, plaintiff may continue the action until the current owner is substituted (see CPLR 1018; J.C. Tarr, Q.P.R.T. v Delsener, 70 AD3d 774, 779 [2010]; Pritzakis v Sbarra, 201 AD2d 797, 798 [1994]; Bova v Vinciguerra, 139 AD2d 797, 799 [1988]).

contentions have been considered and determined to be unavailing.

Lahtinen, J.P., McCarthy and Lynch, JJ., concur.


ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court