Matter of London (2021 NY Slip Op 06922)





Matter of London


2021 NY Slip Op 06922


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


Index No. 500089/17 Appeal No. 14819-14820-14821&[M-3153] Case No. 2020-03003 2021-00258 2021-00259 2021-00260 

[*1]In the Matter of Zachary Ross London, A Person in Need of a Guardianship, In the of Matter of Allen London et al., Petitioners-Respondents,
Zachary London et al., Respondents-Appellants. Albert Mitchell etc., Intervenor-Respondent. Case Nos.


McCarthy Fingar LLP, White Plains (Michael S. Kutzin of counsel), for appellants.
Farrell Fritz, PC, Uniondale (John R. Morken of counsel), for respondents.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered May 19, 2020, which, inter alia, after a hearing, denied respondent guardian Sabrina Morrissey's motion to extend her property management guardianship under Mental Hygiene Law § 81.02, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered May 19, 2020, which denied as moot Morrissey's remaining motions, unanimously dismissed, without costs.
Petitioner Margot London passed away during the pendency of this appeal. Although typically all proceedings are stayed as a matter of law until an order of substitution is made (see CPLR 1015, 1021), when "a party's demise does not affect the merits of a case . . . there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (Bova v Vinciguerra, 139 AD2d 797, 799 [3d Dept 1988]). Moreover, as the cause of action survives as to co-petitioner, the appeal can proceed without substitution, and the death simply be noted on the record (id.; CPLR 1015[b]). Under the circumstances of this case, in which Allen London and the decedent are united in interest, Margot London's death is duly noted, and there is no need to stay this appeal pending substitution.
The motion court properly concluded that Morrissey bore the burden of proof to establish the need for a property management guardian. The record shows that the initial property management guardianship was limited to two years and expired by its terms in July 2019. The party seeking to expand his or her powers as guardian bears the burden of proof by clear and convincing evidence (see Matter of Buffalino [James D.], 39 Misc 3d 634, 639 [Sup Ct, Suffolk County 2013]; Mental Hygiene Law § 81.02). Similarly, a party seeking to extend a guardianship beyond its express term bears the burden of proof, by clear and convincing evidence, that guardianship is necessary.
Morrissey failed to establish, by clear and convincing evidence, that Zachary London continues to require a guardian over his property management now that the initial term of the property guardianship has concluded. When appointing a property management guardian, the court must first determine that "the appointment is necessary...to manage the property and financial affairs of that person" (Mental Hygiene Law § 81.02[a][1]). The court must then determine whether "the person agrees to the appointment, or that the person is incapacitated" (Mental Hygiene Law § 81.02[a][2]). While Zachary consented to continuation of the property management guardianship, consent is only relevant once necessity is established (see Matter of Maher, 207 AD2d 133, 140 [2d Dept 1994], lv denied 86 NY2d 703 [1995]).
The court did not abuse its discretion in determining that Zachary had sufficient resources to obviate the necessity for a property management guardian (see Matter of May Far C., 61 AD3d 680 [2d Dept 2009]; Mental Hygiene Law § 81.03[e]). The record supports the court's [*2]determination that the combination of financial resources, trustees, and potential powers of attorney adequately protect Zachary's financial interests and are the least restrictive form of intervention (see Matter of Samuel S. [Helene S.], 96 AD3d 954, 957-958 [2d Dept 2012], lv dismissed 19 NY3d 1065 [2012]).
As Morrissey is no longer Zachary's property management guardian, the court properly dismissed the attendant motions as moot.
We have considered Morrissey's remaining arguments and find them unavailing. M-3153 — London v London
Motion for a stay of the order on appeal pending the determination of this appeal, denied as academic. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021