Lewis v Bartow (2021 NY Slip Op 07280)





Lewis v Bartow


2021 NY Slip Op 07280


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2020-05899
 (Index No. 66205/15)

[*1]Jake Lewis, appellant, 
v
Hal Bartow, et al., defendants; Caliber Home Loans, Inc., etc., nonparty-respondent.


Jake Lewis, Mount Vernon, NY, appellant pro se.
Day Pitney LLP, New York, NY (Alfred W. J. Marks and Gregory R. Bruno of counsel), for nonparty-respondent.



DECISION & ORDER
In an action, inter alia, pursuant to Real Property Law § 329 to cancel of record two assignments of mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated April 27, 2020. The order granted the motion of nonparty Caliber Home Loans, Inc., formerly known as Vericrest Financial, Inc., as successor in interest to the defendant CIT Group/Consumer Finance, Inc., for summary judgment dismissing the complaint insofar as asserted against the defendant CIT Group/Consumer Finance, Inc., and denied the plaintiff's cross motion to compel discovery.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of nonparty Caliber Home Loans, Inc., formerly known as Vericrest Financial, Inc., as successor in interest to the defendant CIT Group/Consumer Finance, Inc., for summary judgment dismissing the complaint insofar as asserted against the defendant CIT Group/Consumer Finance, Inc., and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff, as the record owner of certain real property, commenced this action, inter alia, pursuant to Real Property Law § 329 to cancel of record two assignments of mortgage that were recorded against the property, alleging that the person who executed the two assignments of mortgage lacked the authority to do so.
Caliber Home Loans, Inc., formerly known as Vericrest Financial, Inc., as successor in interest to the defendant CIT Group/Consumer Finance, Inc. (hereinafter Caliber), moved for summary judgment dismissing the complaint insofar as asserted against the defendant CIT Group/Consumer Finance, Inc. (hereinafter CIT). The plaintiff cross-moved to compel discovery. In an order dated April 27, 2020, the Supreme Court granted Caliber's motion and denied the plaintiff's cross motion. The plaintiff appeals.
In a decision and order of this Court dated July 10, 2019, which, inter alia, denied Caliber's prior motion for summary judgment, this Court determined, among other things, that the plaintiff had standing under Real Property Law § 329 to commence this action, since he owned the subject property at the time the action was commenced (see Lewis v Bartow, 174 AD3d 590, 591). [*2]In support of its current motion for summary judgment, Caliber contends that, while this action was pending, the subject property was purchased by a third party at a foreclosure sale held on November 19, 2019, thereby rendering academic the relief sought by the plaintiff in this action.
As a threshold matter, Caliber has not established that title to the subject property has actually been transferred to the successful bidder at the foreclosure sale. In any event, contrary to Caliber's contention, the transfer of the property while this action was pending, without more, neither negates the plaintiff's ability to continue the action (see CPLR 1018) nor warrants the dismissal of the action as academic (see Prand Corp. v Gardiner, 176 AD3d 1127, 1129; Red House Farm, Inc. v LAD Enters., LLC, 122 AD3d 972, 973 n; J.C. Tarr, Q.P.R.T. v Delsener, 70 AD3d 774, 779). Therefore, the Supreme Court should have denied Caliber's motion for summary judgment dismissing the complaint insofar as asserted against CIT.
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court