Lewis v Bartow (2024 NY Slip Op 04310)

Lewis v Bartow

2024 NY Slip Op 04310

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2023-02713
 (Index No. 66205/15)

[*1]Jake Lewis, appellant, 
v
Hal Bartow, et al., defendants; Caliber Home Loans, Inc., etc., nonparty-respondent.

Jake Lewis, Mount Vernon, NY, appellant pro se.
Day Pitney LLP, New York, NY (Alfred W. J. Marks and Gregory R. Bruno of counsel), for nonparty-respondent.

DECISION & ORDER
In an action, inter alia, pursuant to Real Property Law § 329 to cancel of record two assignments of mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated January 6, 2023. The order, insofar as appealed from, denied the plaintiff's motion to compel discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, as the record owner of certain real property, commenced this action, inter alia, pursuant to Real Property Law § 329 to cancel of record two assignments of mortgage that were recorded against the property, alleging that the person who executed the two assignments of mortgage lacked the authority to do so. Caliber Home Loans, Inc. (hereinafter Caliber), interposed an answer to the complaint as successor in interest to the defendant CIT Group/Consumer Finance, Inc. In November 2015, the plaintiff served Caliber with discovery demands. Caliber served responses with objections.
Following several years of motion practice and appeals (see Lewis v Bartow, 200 AD3d 971, 972; Lewis v Bartow, 174 AD3d 590, 591), as well as several compliance conferences, the plaintiff moved to compel Caliber to further respond to the plaintiff's discovery demands. The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
The Supreme Court properly denied the plaintiff's motion to compel discovery on the ground that the plaintiff failed to submit an affirmation of good faith pursuant to 22 NYCRR 202.7(a)(2) detailing communications between the parties evincing a diligent effort to resolve the dispute or indicating good cause why no such communications occurred (see id. § 202.7[c]; Behar v Wiblishauser, 219 AD3d 793, 793; Winter v ESRT Empire State Bldg., LLC, 201 AD3d 842, 844; Matter of Greenfield v Board of Assessment Review for Town of Babylon, 106 AD3d 908, 908).
Moreover, "[a] motion to compel responses to demands and interrogatories is properly denied where the demands and interrogatories seek information which is irrelevant, overly broad, or burdensome" (Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283, 1283; see JP Morgan Chase Bank, N.A. v Levenson, 149 AD3d 1053, 1053; Matter of Greenfield v Board of [*2]Assessment Review for Town of Babylon, 106 AD3d at 908). Here, Caliber adequately responded to the plaintiff's demands that were properly made. As for the plaintiff's specific contention that Caliber failed to respond to his demands seeking evidence regarding the legal authority of the person who executed the two assignments of mortgage, the plaintiff did not seek discovery on that issue. In any event, in response to the plaintiff's motion to compel, Caliber produced a document responsive to the plaintiff's purported request.
Accordingly, the plaintiff's motion to compel discovery was properly denied.
The plaintiff's remaining contentions are either without merit or not properly before this Court.
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court