■ ANTHONY CANZONERI, Respondent, v WIGAND CORPORATION, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated June 28, 1989, which granted the plaintiff's motion to renew, and, upon renewal, vacated a prior order of the same court dated March 28, 1989, granting the defendant's motion for summary judg-

ment, denied that motion and granted the plaintiff leave to serve an amended complaint.

Ordered that the order is affirmed, with costs.

The defendant's challenge to a prior decision of the same court dated January 24, 1989, vacating the plaintiff's default in responding to the defendant's motion for summary judgment is not properly before us.

While a motion for leave to renew a prior motion should generally be based on newly discovered facts *(see, Caffee v Arnold,* 104 AD2d 352), it is within a court's "discretion to grant renewal even upon facts known to the movant at the time of the original motion" *(Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865, 866; *see also, Oremland v Miller Minutemen Constr. Corp,* 133 AD2d 816, 818; *Vitale v La Cour,* 96 AD2d 941). Here, the court properly exercised its discretion and accepted as new evidence, proof that was available to the plaintiff at the time of the defendant's original motion for summary judgment. This new proof, an affidavit from the plaintiff's employer who had personal knowledge regarding the plaintiff's work assignments, has clearly raised an issue of fact regarding the date of the accident. Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.