■ CITIBANK, N. A., Appellant, v MARY OLSON, Respondent, et al., Defendants. [612 NYS2d 54] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Amann, J.), dated April 6, 1992, which granted the motion of the defendant Mary Olson for leave to renew her prior motion to vacate a judgment of the same court, entered May 10, 1990, against her, upon her default in appearing in the action, and, upon renewal, granted her motion to vacate her default.

Ordered that the order is affirmed, with costs.

Although a motion to renew is generally based upon the discovery of material facts which were unknown to the movant at the time of the original motion (see, Chiarella v Quitoni, 178 AD2d 502; Caffee v Arnold, 104 AD2d 352), it is well settled that "[t]he requirement * * * is a flexible one, and a court, in its discretion, may grant renewal upon facts known

to the moving party at the time of the original motion" *(Karlin v Bridges,* 172 AD2d 644, 645; *see, Weisser v Park Lane Foods,* 202 AD2d 496; *Matter of Kennedy v Coughlin,* 172 AD2d 666; *Canzoneri v Wigand Corp.,* 168 AD2d 593).

Here, the record discloses that upon learning that the instant foreclosure action would affect her life tenancy in the subject property, the defendant Mary Olson promptly sought to vacate her default in appearing in the action, and to defend the action on its merits. Moreover, in support of her motion for renewal, Olson submitted the contract for the sale of the subject property, which contained a provision expressly reserving a life tenancy in her favor, and thus directly contradicted facts alleged by the plaintiff Citibank. Furthermore, Olson's initial inability to locate the contract of sale at the time her original motion was made did not evince an intentional failure to respond to Citibank's claim that the contract of sale of the subject property did not expressly reserve a life estate in her favor. Under these circumstances, we find that the court did not improvidently exercise its discretion in granting Olson's motion to renew *(see, Matter of 1668 Realty Assocs. v Division of Hous. & Community Renewal,* 191 AD2d 429).

We further find that the Supreme Court properly exercised its discretion in vacating Olson's default *(see,* CPLR 5015 [a] [1]; *Gepp v International Harvester Co.,* 186 AD2d 418). In this regard, we note that it appears that Olson may have a meritorious defense to the foreclosure action, since the evidence proffered in support of her motion to renew indicates that her interest in the subject property is ostensibly superior to Citibank's interest.

We have examined the plaintiff's remaining contentions, and find that they are without merit. Balletta, J. P., Miller, Hart and Krausman, JJ., concur.