■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v WILLIAM DRISCOLL, Respondent. [624 NYS2d 63] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Becker, J.), dated May 7, 1993, which, *inter alia,* denied the petition and directed the parties to proceed to arbitration, and (2) so much of an order of the same court, dated October 12, 1993, as denied its motion for renewal.

Ordered that the order dated October 12, 1993, is reversed insofar as appealed from, without costs or disbursements, and the petitioner's motion for renewal is granted, and it is further,

Ordered that, upon renewal, the order dated May 7, 1993, is modified by deleting the provision thereof which determined that the petitioner's umbrella insurance policy provides underinsurance coverage to the respondent and substituting therefor a provision determining that the petitioner's umbrella insurance policy does not provide underinsurance coverage to the respondent; as so modified, the order is affirmed, without costs or disbursements.

Although a motion for leave to renew is generally based upon the discovery of material facts that were unknown to the movant at the time of the original motion *(see, Chiarella v Quitoni,* 178 AD2d 502; *Caffee v Arnold,* 104 AD2d 352), it is well settled that " '[t]he requirement * * * is a flexible one, and a court, in its discretion, may grant renewal upon facts known to the moving party at the time of the original motion' " *(Citibank v Olson,* 204 AD2d 381, 381-382, quoting

*Karlin v Bridges,* 172 AD2d 644; *see, Canzoneri v Wigand Corp.,* 168 AD2d 593). Under the circumstances of this case, the Supreme Court should have exercised its discretion to grant the petitioner's motion for leave to renew *(see, Karlin v Bridges, supra).*

Upon renewal, we find that the respondent is not entitled to underinsured motorist benefits pursuant to an umbrella insurance policy issued to his employer by the petitioner *(see, Matter of Matarasso v Continental Cas. Co.,* 82 AD2d 861, *affd* 56 NY2d 264). However, the Supreme Court properly determined that the business automobile policy issued by the petitioner provides underinsurance coverage of $300,000 to the respondent. Sullivan, J. P., Balletta, Rosenblatt and Miller, JJ., concur.