■ JUDITH ALBIN, Appellant, v RAYMOND DALLACQUA, Respondent. [679 NYS2d 402] —In an action pursuant to RPAPL 1501 (4) to secure the cancellation and discharge of record of a mortgage, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), entered September 10, 1997, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 22, 1987, the plaintiff executed a mortgage note and mortgage in favor of the defendant in the amount of $55,000, payable on September 28, 1988. In October 1988, the plaintiff made a partial payment of the debt. Thereafter, there were no further payments on the indebtedness and the defendant took no action to foreclose. In January 1997, the plaintiff commenced the instant action pursuant to RPAPL 1501 (4) to secure the cancellation and discharge of record of the mortgage on the ground that the six-year Statute of Limitations for the commencement of an action to foreclose the mortgage (*see,* CPLR 213 [4]) had expired.

The defendant moved for summary judgment on the ground that the statutory limitations period had been extended pursuant to General Obligations Law § 17-105 (1). We agree with

the Supreme Court that the plaintiff's bankruptcy plan satisfied the criteria of General Obligations Law § 17-105 (1), and that the Statute of Limitations therefore has been extended. The plaintiff's promise in the bankruptcy plan to pay the mortgage at issue was made after the accrual of a right of action to foreclose on the mortgage, was express, and was in a writing signed by the plaintiff. The only condition precedent expressed in the bankruptcy plan was that the defendant's claim on the mortgage be allowed. It is uncontroverted that the defendant's claim on the mortgage was allowed by an order of the Bankruptcy Court dated July 7, 1992.

Thus, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.