■ PATRICK J. DOLPHIN et al., Plaintiffs, v RYAN J. ANGIOLETTI et al., Defendants. (Action No. 1.) SHAWN J. HENNESSEY, Respondent, v RYAN J. ANGIOLETTI, Appellant, and PATRICK J. DOLPHIN et al., Defendants. (Action No. 2.) [686 NYS2d 107] —In two actions to recover damages for personal injuries, etc., Ryan J. Angioletti, a defendant in both actions, appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), dated January 12, 1998, which denied his motion for renewal of his prior motion for a joint trial of the actions in Dutchess County, and the cross motion of Shawn J. Hennessey, the plaintiff in Action No. 2, for a joint trial of the actions in Bronx County, which were decided by order of the same court dated August 7, 1997, denying his motion, granting the cross motion, and directing a joint trial of the actions in the Supreme Court, Bronx County.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, renewal is granted, and, thereupon, the order dated August 7, 1997, is vacated, the appellant's motion is granted, and the cross motion is denied.

The instant cases arise out of an automobile accident in Dutchess County. The plaintiff in Action No. 2, Shawn J. Hennessey, commenced an action in the Supreme Court, Bronx County, and the plaintiffs in Action No. 1, Patrick J. Dolphin and Theresa M. Dolphin, commenced an action in the Supreme Court, Dutchess County, *inter alia,* against the appellant. The appellant moved pursuant to CPLR 602 for a joint trial of the actions in the Supreme Court, Dutchess County, and Hennessey cross-moved for a joint trial of the actions in the Supreme Court, Bronx County. In an order dated August 7, 1997, the motion was denied, and the cross motion was granted.

Thereafter, the appellant learned that while his motion was pending, the action pending in the Supreme Court, Bronx County, had been transferred to the Civil Court of the City of New York, Bronx County, pursuant to CPLR 325 (d). The appellant moved for renewal, but his motion was denied.

The Supreme Court, Dutchess County, improvidently exercised its discretion in denying renewal (*see, Matter of Liberty Mut. Ins. Co. v Driscoll,* 213 AD2d 646). Since the action

pending in the Supreme Court, Bronx County, was transferred out of the Supreme Court, CPLR 602 (b), which relates to cases pending in different courts, was applicable. Pursuant to its provisions, a joint trial should have been directed in the Supreme Court, Dutchess County (*see, Henry v Solomon & Solomon,* 203 AD2d 791). Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.