■ JUDITH ALBIN, Respondent, v AVIS PEARSON, Appellant. (And a Third-Party Action.) [698 NYS2d 732] —In an action pursuant to RPAPL 1501 (4) to cancel and discharge of record certain mortgages, the defendant appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Joseph, J.), entered November 6, 1998, as denied her motion for summary judgment dismissing the complaint, granted the plaintiff's cross application for summary judgment, and thereupon cancelled and discharged the mortgages.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In 1988 the respondent gave two mortgages on certain real property to the appellant. Those mortgages were the third and fourth mortgages, respectively, on the subject property. Although the respondent did not make a single payment on either of the mortgages, the appellant never commenced an action to foreclose them. In 1992 the respondent filed for relief under 1978 Bankruptcy Code (11 USC) chapter 13. The appellant contends that the respondent's bankruptcy plan, which provided that the respondent make payment on the second and third mortgages, constituted a promise to pay the mortgage debt within the meaning of General Obligations Law § 17-105 (1) and, therefore, extended the Statute of Limitations. We disagree. Unlike the defendant in *Albin v Dallacqua* (254 AD2d 444), who held the second mortgage on the subject property, the appellant rejected the respondent's bankruptcy plan. Under these circumstances, the appellant cannot now rely upon that plan. Furthermore, since it is undisputed that the appellant failed to commence an action to foreclose the third and fourth mortgages within the six-year Statute of Limitations (*see,* CPLR 213 [4]), the Supreme Court properly granted the respondent summary judgment cancelling and discharging those mortgages. S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.