■ JOANNE R. RACK, Appellant, v BEN RUSHEFSKY et al., Respondents, et al., Defendant. [773 NYS2d 569]—In an action pursuant to RPAPL 1501 (4) to cancel and discharge of record a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated July 14, 2000, as denied those branches of her motion which were for summary judgment on the complaint insofar as asserted against Ben Rushefsky, Lillian Rushefsky, Harry Siegel, Eli J. Sragg, Nancy Sragg, and Danuta Uszynski.

Ordered that the order is reversed insoafar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment on the complaint insofar as asserted against Ben Rushefsky, Lillian Rushefsky, Harry Siegel, Eli J. Sragg, Nancy Sragg, and Danuta Uszynski are granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment cancelling and discharging the subject mortgage.

The appellant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the respondents failed to bring an action to foreclose the subject mortgage within the applicable six-year statute of limitations (see CPLR 213 [4]; Albin v Pearson, 266 AD2d 487 [1999]). In opposition to the motion, the respondents failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320

[1986]). Accordingly, the Supreme Court should have granted those branches of the appellant's motion which were for summary judgment insofar as asserted against the respondents.

The respondents' contentions either are without merit or based on matter dehors the record. Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.