■ MANUFACTURERS & TRADERS TRUST COMPANY, Respondent, v LAWRENCE B. FOY et al., Appellants, et al., Defendants. MOHAMMED KEZADRI et al., Nonparty Respondents. [843 NYS2d 637]—

In an action to foreclose a mortgage, the defendants Lawrence B. Foy and Jeirlynn Foy appeal from an order of the Supreme Court, Kings County (Dabiri, J.), dated January 27, 2006, which, in effect, denied the defendant Jeirlynn Foy's motion to vacate a foreclosure sale and stay transfer of the deed, and authorized the referee to transfer the deed to the subject property.

Ordered that the appeal by the defendant Lawrence B. Foy is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

After the defendants Lawrence B. Foy and Jeirlynn Foy defaulted on their mortgage in December 1999 the plaintiff commenced this foreclosure action. Between March 2000 and January 2004, Lawrence B. Foy filed three Chapter 13 bankruptcy petitions, and Jeirlynn Foy filed two Chapter 13 bankruptcy petitions, all of which were ultimately dismissed. After Lawrence B. Foy filed his third Chapter 13 petition, the plaintiff moved in that proceeding for relief from the automatic bankruptcy stay, and a determination that "any future filings by the debtor and/or [the] co-mortgag[or] and any person or occupant with an interest in the premises within one hundred eighty (180) days from the entry of the order lifting the automatic stay, shall not operate as an automatic stay against movant, except upon separate, proper application to the court." Neither Lawrence B. Foy nor Jeirlynn Foy opposed the motion, and it was granted by the United States Bankruptcy Court for the Eastern District of New York in an order dated April 21, 2004.

A foreclosure sale was subsequently conducted on September 16, 2004 and closing was scheduled to take place on March 4, 2005. However, prior to the transfer of title to the successful bidders, Jeirlynn Foy moved to vacate the foreclosure sale and stay transfer of the deed upon the ground that she had filed a third Chapter 13 bankruptcy petition on September 14, 2004 resulting in an automatic stay of the foreclosure action. In opposition to the motion, the plaintiff and the bidders pointed out that pursuant to the Bankruptcy Court order dated April 21, 2004, any filings by either Lawrence B. Foy or Jeirlynn Foy within 180 days of its entry would not operate as an automatic stay against the plaintiff. Although the Supreme Court initially held Jeirlynn Foy's motion in abeyance pending receipt of proof that the plaintiff had served her with a copy of the Bankruptcy

Court order, it subsequently denied her motion, concluding that there was no requirement that she be served with the Bankruptcy Court order pursuant to the Federal Rules of Bankruptcy Procedure.

The Supreme Court properly denied Jeirlynn Foy's motion to vacate the foreclosure sale. Although the United States Bankruptcy Code provides for an automatic stay of all nonbankruptcy actions and proceedings effective immediately upon filing of a bankruptcy petition (see 11 USC § 362 [a]; Carr v McGriff, 8 AD3d 420, 422 [2004]), a bankruptcy court has jurisdiction to terminate, annul, or modify the automatic stay (id.). Here, the Bankruptcy Court's order dated April 21, 2004, afforded the plaintiff relief from the automatic stay which became effective upon Lawrence B. Foy's third bankruptcy filing, and provided that any future filings by him or co-mortgagor Jeirlynn Foy, within 180 days of entry of the order, would not operate as an automatic stay against the plaintiff, except upon separate and proper application to the Bankruptcy Court. Since the bankruptcy petition filed by Jeirlynn Foy on September 14, 2004 was filed within 180 days of the entry of the Bankruptcy Court order, and it is undisputed that she did not apply to the Bankruptcy Court for a stay barring the plaintiff from proceeding in this action, the foreclosure sale conducted on September 16, 2004, was valid. Moreover, the plaintiff was not required to serve the Bankruptcy Court order upon the plaintiff in order to give it effect (see Fed Rules Bankr Proc rule 9022).

Furthermore, under the circumstances of this case, the Supreme Court properly considered a letter submitted by the plaintiff's attorney in response to its initial order holding the motion in abeyance. Copies of the letter were sent to the attorney representing Jeirlynn Foy, the attorney representing the bidders, and the referee, and Jeirlynn Foy had an ample opportunity to respond to it. Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.