■ PSP-NC, LLC, Respondent, v Paavo Raudkivi, Appellant, et al., Defendants. [29 NYS3d 51]—

In an action to foreclose a mortgage, the defendant Paavo Raudkivi appeals from (1) an order of the Supreme Court, Nassau County (Adams, J.), entered May 29, 2014, which granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against him and for an order of reference, and denied his cross motion for summary judgment dismissing

the complaint insofar as asserted against him, and (2) an order of the same court, also entered May 29, 2014, which, among other things, upon the granting of that branch of the plaintiff's motion which was for an order of reference, appointed a referee.

Ordered that the orders are affirmed, with one bill of costs.

In 1998, the defendant Paavo Raudkivi executed and delivered a mortgage to the plaintiff's predecessor-in-interest, Greenpoint Bank (hereinafter Greenpoint), as security for a note. Raudkivi defaulted on his payment obligations, and in October 2001 Greenpoint accelerated the debt and commenced an action to foreclose the mortgage. In October 2002 Raudkivi commenced a Chapter 13 bankruptcy proceeding, and on April 4, 2003, he executed a Chapter 13 bankruptcy plan. In the plan, Raudkivi agreed to pay Greenpoint $22,201 in pre-petition arrears, and agreed to make all of his post-petition mortgage payments outside of the plan. On April 23, 2003, the Bankruptcy Court confirmed the plan.

Raudkivi made his mortgage payments as agreed through July 2005, when he stopped making payments. He was granted a discharge in bankruptcy on October 19, 2006. The note and mortgage were assigned to the plaintiff in July 2011, and in July 2012 the plaintiff commenced this action to foreclose the mortgage. The plaintiff moved for summary judgment on the complaint insofar as asserted against Raudkivi and for an order of reference, and Raudkivi cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that it was barred by the statute of limitations. The Supreme Court granted the plaintiff's motion, denied Raudkivi's cross motion, and appointed a referee to compute the amount due to the plaintiff on the note and mortgage. Raudkivi appeals.

The plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (*see Woori Am. Bank v Global Universal Group Ltd.*, 134 AD3d 699 [2015]; *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015]; *JP Morgan Chase Bank, N.A. v Schott*, 130 AD3d 875, 876 [2015]; *Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151, 1152 [2015]). In opposition to that prima facie showing, Raudkivi failed to raise a triable issue of fact.

Raudkivi contends that this mortgage foreclosure action is barred by the applicable six-year statute of limitations (*see* CPLR 213 [4]). He notes that the statute of limitations began to run in October 2001, when Greenpoint accelerated the debt and commenced the first action to foreclose the mortgage (*see*

*EMC Mtge. Corp. v Smith,* 18 AD3d 602, 603 [2005]; *Clayton Natl. v Guldi,* 307 AD2d 982, 982 [2003]), and that the limitations period was tolled by the automatic bankruptcy stay when he filed his bankruptcy petition in October 2002 (*see* 11 USC § 362 [a]; *Manufacturers & Traders Trust Co. v Foy,* 43 AD3d 1005, 1007 [2007]; *Homeside Lending, Inc. v Watts,* 16 AD3d 551, 552 [2005]). He contends that the limitations period began to run again when he was granted his discharge in bankruptcy in October of 2006 (*see* 11 USC § 362 [c] [2] [C]), and ended in October 2011, by virtue of the one-year period between accrual of the claim in 2001 and the beginning of the bankruptcy stay in 2002.

However, Raudkivi's Chapter 13 bankruptcy plan, in which he acknowledged the mortgage debt and promised to repay it, renewed the limitations period (*see* General Obligations Law § 17-105 [1]; *National Loan Invs., L.P. v Piscitello,* 21 AD3d 537, 538 [2005]; *Albin v Dallacqua,* 254 AD2d 444, 445 [1998]; *see e.g. Lew Morris Demolition Co. v Board of Educ. of City of N.Y.,* 40 NY2d 516, 520-521 [1976]). The automatic bankruptcy stay, which was in effect when Raudkivi executed his Chapter 13 bankruptcy plan, tolled the renewed limitations period (*see* CPLR 204 [a]; *Zuckerman v 234-6 W. 22 St. Corp.,* 267 AD2d 130 [1999]; *cf. Saini v Cinelli Enters.,* 289 AD2d 770, 771 [2001]), so the renewed limitations period did not begin to run until Raudkivi was granted his discharge in bankruptcy in October of 2006 (*see* 11 USC § 362 [c] [2] [C]). Since this action was commenced less than six years later, in July of 2012, this action is not time-barred.

Raudkivi's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against Raudkivi and for an order of reference. For the same reasons, Raudkivi failed to demonstrate his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him, and therefore, the court properly denied his cross motion (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.