Defelice v Frew (2018 NY Slip Op 07700)





Defelice v Frew


2018 NY Slip Op 07700


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-13473
 (Index No. 151001/15)

[*1]Paul Defelice, et al., appellants,
v
William J. Frew, Jr., respondent.


Eric M. Jaffe, Huntington, NY, for appellants.
John Z. Marangos, Staten Island, NY, for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record two mortgages, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated December 22, 2016. The order denied the plaintiffs' motion for summary judgment on the complaint.
ORDERED that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment on the complaint is granted, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment canceling and discharging of record the subject mortgages.
The plaintiffs commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record two mortgages. Subsequently, they moved for summary judgment on the complaint. The Supreme Court denied the plaintiffs' motion, and the plaintiffs appeal.
The plaintiffs established their prima facie entitlement to judgment as a matter of law by their submissions which established that they were the current owners of the subject property, that the two mortgages which they sought to be canceled became due and payable on February 28, 1993, that the mortgages had not been satisfied or discharged, and that the statute of limitations to commence a foreclosure action had expired (see Rack v Rushefsky, 5 AD3d 753; see also 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894, 895-896; JBR Constr. Corp. v Staples, 71 AD3d 952, 953).
In opposition to the plaintiffs' prima facie showing, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320). Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the complaint.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court