U.S. Bank N.A. v Parisi (2019 NY Slip Op 01445)





U.S. Bank N.A. v Parisi


2019 NY Slip Op 01445


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-06476
 (Index No. 66885/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Jayne Parisi, et al., defendants, Randi Viola, now known as Randi Richman, et al., appellants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for appellants.
Ras Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Randi Viola, now known as Randi Richman, and Lisa Viola appeal from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated May 11, 2016. The order, in effect, granted that branch of the plaintiff's motion which was for leave to renew its opposition to the prior motion of those defendants pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them as time-barred, which had been granted in an order of the same court dated October 14, 2015, and, upon renewal, inter alia, denied the prior motion of those defendants and vacated the order dated October 14, 2015.
ORDERED that the order dated May 11, 2016, is affirmed, with costs.
The defendants Randi Viola, now known as Randi Richman (hereinafter Randi), and Lisa Viola (hereinafter together the defendants) borrowed $250,000 from nonparty Opus Home Equity Services, Inc., on May 24, 2006, in exchange for a mortgage on real property located in Mastic.
Nonparty LaSalle Bank, N.A., commenced a prior action in March 2007, to foreclose the mortgage. The complaint in that action stated that the defendants defaulted by failing to make a payment that was due on September 1, 2006. That action was discontinued without prejudice on January 31, 2013.
Randi filed for bankruptcy under the name of Randi Viola-Richman on June 20, 2007. That matter was dismissed on March 24, 2009. The bankruptcy trustee's final report applied payments to the mortgage at issue in this case. Randi filed a second bankruptcy petition on April 5, 2010, again under the name of Randi Viola-Richman. That matter was dismissed on April 27, 2011. Again, payments were applied to the mortgage at issue in this case.
On August 26, 2014, the plaintiff commenced this action to foreclose the mortgage. The complaint stated that the defendants defaulted by failing to make a payment that was due on September 1, 2008.
The defendants moved pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against them as time-barred. In support of the motion, Randi submitted her own affidavit, in which she stated: "I have been in continuous default under the terms of the subject Loan [*2]since October 1, 2006." In an order dated October 14, 2015, the Supreme Court granted the defendants' motion to dismiss.
The plaintiff moved, inter alia, for leave to renew its opposition to the defendants' prior motion. In support, the plaintiff submitted Randi's bankruptcy records, which had not been previously provided to the Supreme Court in opposition to the defendants' prior motion. It also submitted the affirmation of its attorney, who stated that a bankruptcy search was previously performed under the name "Randi Viola," which returned no results. The attorney ran a new bankruptcy search, via PACER, using only the social security number of Randi Viola-Richman, and discovered both bankruptcy petitions.
In an order dated May 11, 2016, the Supreme Court, in effect, granted that branch of the motion which was for leave to renew, and, upon renewal, inter alia, denied the defendants' prior motion to dismiss. The court held that Randi's "bankruptcy plan, in which she acknowledged the mortgage debt and promised to repay it, together with the proof that payments were made, renewed the limitations period." The defendants appeal.
Contrary to the defendants' contention, the Supreme Court providently exercised its discretion by, in effect, granting leave to renew (see CPLR 2221[e]; 5015[a][3]; Citibank v Olson, 204 AD2d 381, 381-382; cf. Federated Conservationists of Westchester County v County of Westchester, 4 AD3d 326, 327). Moreover, we agree with the court's determination, upon renewal, to deny the defendants' motion to dismiss the complaint insofar as asserted against them as time-barred, since the bankruptcies tolled the limitations period (see CPLR 204[a]; PSP-NC, LLC v Raudkivi, 138 AD3d 709, 710-711).
The defendants' remaining contentions are without merit.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court