Federal Natl. Mtge. Assn. v Walter (2021 NY Slip Op 06342)





Federal Natl. Mtge. Assn. v Walter


2021 NY Slip Op 06342


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-10600
 (Index No. 33932/16)

[*1]Federal National Mortgage Association, etc., appellant,
v
Chana T. Walter, etc., et al., respondents, et al., defendants.


Shapiro, DiCaro & Barak, LLC (McCarter & English, LLP, New York, NY [Adam M. Swanson and Jessie Bonaros], of counsel), for appellant.
Montalbano Condon & Frank P.C., New City, NY (Richard H. Sarajian and Paul S. Baum of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated June 14, 2018. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Chana T. Walter and 1 Eleanor Corp., to strike those defendants' answer, and for an order of reference, and granted those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
ORDERED that the order is affirmed, with costs.
In July 2006, the defendant Chana T. Walter executed a note in the sum of $399,200 in favor of First Horizon Home Loan Corporation (hereinafter First Horizon). The note was secured by a mortgage on real property located in Airmont (hereinafter the subject property).
In February 2009, Walter allegedly defaulted on the loan. On June 15, 2009, First Horizon commenced a foreclosure action against Walter and others. In the complaint, First Horizon "elect[ed] to call due the entire amount secured by the mortgage." A judgment of foreclosure and sale was entered against Walter on or about December 14, 2009, but in an order entered January 21, 2011, the Supreme Court granted Walter's motion to vacate the judgment of foreclosure and sale on the ground that there was no proper service of the summons and complaint upon Walter.
By assignment of mortgage dated March 29, 2013, the mortgage was assigned to the plaintiff. By deed dated March 11, 2014, Walter transferred the subject property to the defendant 1 Eleanor Corp. The deed stated that 1 Eleanor Corp. would assume and pay the mortgage debt on the subject property. However, the deed was only executed by Walter as an individual, and was not executed by Walter on behalf of 1 Eleanor Corp.
On September 19, 2016, the plaintiff commenced this action to foreclose the mortgage against, among others, Walter and 1 Eleanor Corp. (hereinafter together the defendants). The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against [*2]the defendants, to strike the defendants' answer, and for an order of reference. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred. In an order dated June 14, 2018, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals.
On appeal, the plaintiff principally argues that the statute of limitations was extended pursuant to General Obligations Law § 17-105 by the deed transferring the subject property from Walter to 1 Eleanor Corp. Although this argument is raised for the first time on appeal, we reach the argument since, contrary to the defendants' contention, it presents a pure question of law that appears on the face of the record and "could not have been avoided if raised at the proper juncture" (Wells Fargo Bank, N.A. v Mone, 185 AD3d 626, 628 [internal quotation marks omitted]).
According to General Obligations Law § 17-105(1), "a promise to pay the mortgage debt, if made after the accrual of a right of action to foreclose the mortgage and made, either with or without consideration, by the express terms of a writing signed by the party to be charged is effective, subject to any conditions expressed in the writing, to make the time limited for commencement of the action run from the date of the waiver or promise." But "[a] writing, in order to constitute an acknowledgment of a debt, must recognize an existing debt and contain nothing inconsistent with an intention on the part of the debtor to pay it" (Estate of Vengroski v Garden Inn, 114 AD2d 927, 928). Here, although there is a deed between Walter and 1 Eleanor Corp. that states an obligation by 1 Eleanor Corp. to pay the mortgage debt, since it was not executed by 1 Eleanor Corp., the deed does not satisfy General Obligations Law § 17-105 and does not serve to extend the statute of limitations (cf. PSP-NC, LLC v Raudkivi, 138 AD3d 709, 711). Therefore, the statute of limitations began to run when the 2009 action was commenced, and this action, commenced in September 2016, is time-barred by the six-year statute of limitations for mortgage foreclosure actions (see CPLR 213[4]). Contrary to the plaintiff's contention, section 19 of the mortgage did not prohibit First Horizon from validly accelerating the mortgage debt at that time (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 39).
Accordingly, the Supreme Court properly granted the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court