Citibank, N.A. v Horan (2024 NY Slip Op 04452)

Citibank, N.A. v Horan

2024 NY Slip Op 04452

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-01634
 (Index No. 501470/18)

[*1]Citibank, N.A., etc., appellant, 
v
Raymond M. Horan, et al., respondents, et al., defendants.

Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for appellant.
Legal Services of the Hudson Valley, Peekskill, NY (Jared L. Gilman of counsel), for respondents.

DECISION & ORDER
In a consolidated action, inter alia, to foreclose mortgages, the plaintiff appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated February 1, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the causes of action to foreclose the mortgages and to vacate, cancel, and expunge of record a satisfaction of mortgage insofar as asserted against the defendants Raymond M. Horan and Beth Horan and granted that branch of those defendants' motion which was for summary judgment dismissing those causes of action insofar as asserted against them as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2003, the defendants Raymond M. Horan and Beth Horan (hereinafter together the defendants) executed a note in the amount of $242,000 in favor of Champion Mortgage, a division of Key Bank, USA, National Association (hereinafter Champion), secured by a mortgage held by Champion encumbering certain real property located in Putnam County (hereinafter the first mortgage). In August 2004, the defendants secured a second mortgage loan in the amount of $48,295.35 from Champion (hereinafter the second mortgage) and executed a consolidation, extension, and loan modification agreement (hereinafter CEMA), pursuant to which the first and second notes and mortgages were consolidated into a single lien in the sum of $288,000. In 2007, Champion assigned the first mortgage, with the note, to Beneficial Homeowner Service Corporation (hereinafter Beneficial), which, in January 2008, assigned the same to Keybank National Association, a National Bank (hereinafter Keybank). Keybank executed a satisfaction of the first mortgage dated February 14, 2008, which was recorded on March 14, 2008.
Subsequently, Beneficial was assigned the first and second mortgages, with the respective notes and CEMA. Beneficial commenced an action in December 2009 against the defendants, among others, to foreclose the mortgages and to expunge the satisfaction of the first mortgage (hereinafter 2009 foreclosure action), alleging that the defendants had defaulted in payments under the CEMA in August 2008 and electing to call due the entire amount secured by the mortgages. Raymond M. Horan filed a bankruptcy petition on January 29, 2010, and his bankruptcy proceeding was closed on July 21, 2011. In an order dated January 27, 2012, the Supreme Court directed dismissal of the complaint in the 2009 foreclosure action due to Beneficial's failure to [*2]appear at a conference. On November 7, 2012, Beth Horan filed a bankruptcy petition, and her bankruptcy proceeding was closed on February 6, 2013. Thereafter, on August 25, 2017, Fay Servicing, LLC (hereinafter Fay Servicing), as the mortgage servicer of Citibank, N.A. (hereinafter the plaintiff), mailed the defendants letters purporting to revoke the prior acceleration of the loan balances.
In June 2018, the plaintiff commenced an action against the defendants, among others, inter alia, to vacate, cancel, and expunge of record the satisfaction of the first mortgage. In November 2018, the plaintiff commenced an action against the defendants, among others, to foreclose the mortgages. These two actions were later consolidated. Thereafter, the plaintiff moved, among other things, for summary judgment on the causes of action to foreclose the mortgages and to vacate, cancel, and expunge of record the satisfaction of the first mortgage insofar as asserted against the defendants, and the defendants moved, inter alia, for summary judgment dismissing those causes of action insofar as asserted against them as time-barred. In an order dated February 1, 2022, the Supreme Court, among other things, denied that branch of the plaintiff's motion and granted that branch of the defendants' motion. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due (see U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042). An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon a note and mortgage and seeks payment of the full balance due in the complaint (see Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 931). Here, the defendants established that the mortgage debt was accelerated on December 2, 2009, when Beneficial commenced the 2009 foreclosure action and, in the complaint, elected to call due the entire amount secured by the mortgages. Thus, the statute of limitations expired six years later, on December 2, 2015. As the instant foreclosure action was not commenced until November 28, 2018, the defendants demonstrated, prima facie, that the cause of action to foreclose the mortgages was time-barred (see CPLR 213[4]).
The plaintiff contends that the statutory limitations period was renewed as to Raymond M. Horan pursuant to General Obligations Law § 17-105(1) because he acknowledged the mortgage debt and promised to repay it in his Chapter 13 bankruptcy plan. Pursuant to General Obligations Law § 17-105(1), "a promise to pay the mortgage debt, if made after the accrual of a right of action to foreclose the mortgage . . . by the express terms of a writing signed by the party to be charged is effective, subject to any conditions expressed in the writing, to make the time limited for commencement of the action run from the date of the . . . promise" (see 14 Fillm Corp. v Mid-Island Mtge. Corp., 218 AD3d 525, 527; PSP-NC, LLC v Raudkivi, 138 AD3d 709, 711). Contrary to the plaintiff's contention, the subject bankruptcy plan did not satisfy the criteria of General Obligations Law § 17-105(1), as it was conditioned on the confirmation of the plan, the plan was never confirmed, and the Chapter 13 bankruptcy proceeding was converted to a Chapter 7 bankruptcy proceeding (see Albin v Pearson, 266 AD2d 487, 487; cf. PSP-NC, LLC v Raudkivi, 138 AD3d at 711).
On appeal, the plaintiff does not contest the Supreme Court's determination that, without the statute of limitations being renewed pursuant to General Obligations Law § 17-105(1), the combined automatic bankruptcy stays due to the bankruptcy proceedings of each of the defendants tolled the statute of limitations only until August 24, 2017 (see generally Lubonty v U.S. Bank N.A., 34 NY3d at 257). Therefore, even under the law in effect at the time the motions were decided (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 28-33), the letters mailed by Fay Servicing on August 25, 2017, were outside the statute of limitations and could not revoke the acceleration of the mortgage debt, and we need not consider the application of CPLR 203(h) to the instant case. Thus, the cause of action to foreclose the mortgages, interposed in 2018, was untimely.
The cause of action seeking to vacate, cancel, and expunge of record the satisfaction of the first mortgage is also subject to a six-year statute of limitations (see Bank of N.Y. Mellon v MS Global Group, LLC, 222 AD3d 821, 824-825; Beneficial Homeowner Serv. Corp. v KeyBank N.A., [*3]177 AD3d 1253, 1254). The complaint stated that Keybank issued the satisfaction of the first mortgage in 2008 through error or inadvertence. The six-year statute of limitations begins to run on the date the mistake was made, not when it was discovered (see Bank of N.Y. Mellon v MS Global Group, LLC, 222 AD3d at 825). Therefore, the Supreme Court properly determined that this cause of action was also untimely.
The plaintiff's contentions regarding CPLR 205 are improperly raised for the first time on appeal.
In light of our determination, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court