Ditech Fin., LLC v Epstein (2024 NY Slip Op 51348(U))

[*1]

Ditech Fin., LLC v Epstein

2024 NY Slip Op 51348(U)

Decided on September 24, 2024

Supreme Court, Westchester County

Torrent, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 24, 2024
Supreme Court, Westchester County

Ditech Financial, LLC, Plaintiff,

against
Arlene Epstein A/K/A ARLENE L. EPSTEIN, MARTIN B. EPSTEIN, BANKERS TRUST COMPANY TR U/A DATED 6/1/91 OSCC PASS- THROUGH CERTIFICATE RES. MTG. INS; JEAV CAPITAL LLC; UNITED STATES OF AMERICA — INTERNAL REVENUE SERVICE; "JOHN DOE #1" through "JOHN DOE #12", the last twelve names being fictitious and unknown to the plaintiff, the person or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint., Defendants.

Index No. 69652/2018

FOR PLAINTIFF 
CHRISTINA A. LIVORSI, ESQ.
DAY PITNEY LLP
605 Third Avenue, 31st Floor
New York, New York 10158
FOR DEFENDANTS
ERIN K. FLYNN, ESQ.
CLAIR, GJERTSEN & WEATHERS PLLC
4 New King Street, Suite 140
White Plains, New York 10604

Damaris E. Torrent, J.

The following papers numbered 1 to 20 were read on this motion (Seq. No. 9) by plaintiff for an order vacating so much of Decision and Order of this Court dated June 27, 2023 as dismissed this action as time barred:
[*2]PAPERS NUMBERED
Notice of Motion [FN1]
/Affirmation (Livorsi) / Exhibits A — N /
Memorandum of Law 1 — 17
Affirmation in Opposition (Flynn) / Exhibit A 18 — 19
Reply Memorandum of Law 20
Upon the foregoing papers, the motion is denied.
In this action to foreclose a mortgage on residential real property, by Decision and Order dated May 3, 2022 (Hubert, J.), defendants' motion for summary judgment (Seq. No. 4) was denied upon a finding that plaintiff's action was not barred by the statute of limitations, as the voluntary discontinuance of a prior action to foreclose the subject mortgage by plaintiff's predecessor constituted a revocation of the acceleration of the subject loan pursuant to Freedom Mtge. Corp. v Engel, 37 NY3d 1 [2021]. Plaintiff thereafter moved for summary judgment and related relief (Seq. No. 5) and defendants cross-moved to dismiss the complaint (Seq. No. 6) for failure to prove strict compliance with the terms of RPAPL 1304. By Decision and Order of this Court dated February 10, 2023, plaintiff's motion was denied, defendants' cross-motion was granted, and the complaint was dismissed on the ground of plaintiff's violation of the "separate envelope" rule as construed in Bank of Am., N.A. v Kessler, 202 AD3d 10 [2d Dept 2021], which as of that date was binding on this Court. Four days after this Court's decision on the motion to dismiss, on February 14, 2023, the Second Department's order in Kessler was reversed on appeal (Bank of Am., N.A. v Kessler, 39 NY3d 317 [2023]).
Plaintiff and defendants separately moved for renewal (Seq. Nos. 7, 8). By Decision and Order dated June 27, 2023 (the dismissal Order), renewal was granted as to both motions. Upon renewal, this Court's Decision and Order dated February 10, 2023 was vacated and defendants' prior cross-motion to dismiss the complaint (Seq. No. 6) and plaintiff's prior motion for summary judgment (Seq. No. 5) were denied; and the Decision and Order dated May 3, 2022 insofar as it denied in its entirety defendant's prior cross-motion for summary judgment was vacated, and defendants' prior cross-motion for summary judgment (Seq. No. 4) was granted in part and denied in part, to the extent that the complaint was dismissed as time barred pursuant to the Foreclosure Abuse Prevention Act (FAPA), as the discontinuance of the prior action did not constitute an affirmative revocation of plaintiff's predecessor's election to accelerate the entire amount due on the loan.
By Notice of Motion filed on May 13, 2024, plaintiff now seeks an order vacating the dismissal Order. Plaintiff contends that the Chapter 13 plan filed by defendant Arlene Epstein in a bankruptcy proceeding on October 10, 2013 satisfies the requirements of General Obligations Law § 17-105(1) as a reaffirmance and promise to pay the debt, thus renewing the limitations period, which began to run as of the date of termination of the bankruptcy proceeding, April 13, 2015. Plaintiff thus contends that this action was timely commenced, and that its motion should be granted.
Defendants in opposition contend that plaintiff's application fails to meet the criteria for vacatur set forth in CPLR 5015(a) and that plaintiff failed to establish that vacatur is warranted [*3]in the interest of justice. Defendants contend that the Chapter 13 plan was not confirmed by the bankruptcy Court and thus did not renew the statute of limitations. Defendants further contend that plaintiff, having failed to argue that the bankruptcy filing renewed the statute of limitations on any of the prior motions, should not be permitted to raise the argument now for the first time.
In reply, plaintiff contends that the Court's power on this motion is not constrained either by the criteria set forth in CPLR 5015 or by the limitations of the interest of justice standard, but is as broad as equity requires, and that equity disfavors forfeiture of a party's rights. Plaintiff further contends that it is the filing of the Chapter 13 plan which renews the statute of limitations, and that confirmation of the plan by the bankruptcy Court is not determinative. 
The Court has fully considered the submissions of the parties.
Plaintiff correctly contends that this Court has the power to vacate its own Order in equity. "Once equity is invoked, the court's power is as broad as equity and justice require" (Countrywide Bank, FSB v Singh, 173 AD3d 673, 675 [2d Dept 2019], quoting U.S. Bank N.A. v Losner, 145 AD3d 935, 937 [2d Dept 2016]). However, although "equity will often intervene to prevent a substantial forfeiture occasioned by a trivial or technical breach" (Fifty States Mgt. Corp. v Pioneer Auto Parks, 46 NY2d 573, 577 [1979]), for the reason set forth below, such an exercise of the Court's power would be inappropriate here. 
Pursuant to General Obligations Law § 17-105(1), " . . . a promise to pay the mortgage debt, if made after the accrual of a right of action to foreclose the mortgage and made, either with or without consideration, by the express terms of a writing signed by the party to be charged is effective, subject to any conditions expressed in the writing, to make the time limited for commencement of the action run from the date of the waiver or promise." A defendant mortgagor's filing of a Chapter 13 plan satisfies the requirements of section 17-105(1) and renews the statute of limitations on an action to foreclose the subject mortgage (PSP-NC, LLC v Radukivi, 138 AD3d 709, 711 [2d Dept 2016]; National Loan Invs., L.P. v Piscitello, 21 AD3d 537, 538 [2d Dept 2005]). As the automatic bankruptcy stay tolls the renewed limitations period, the renewed period begins to run upon the termination of the bankruptcy proceeding (Radukivi, 138 AD3d at 711).
However, plaintiff in this action is estopped from relying on defendant's Chapter 13 plan to renew the limitations period. It is undisputed that plaintiff's predecessor in interest filed an objection to defendant's Chapter 13 plan (Exh. A to Flynn Aff.). Having rejected defendant's plan, plaintiff cannot now rely on that plan as the basis for an extension of the limitations period pursuant to section 17-105(1). "Unlike the defendant in Albin v Dallacqua, . . . who held the second mortgage on the subject property, the appellant rejected the respondent's bankruptcy plan. Under these circumstances, the appellant cannot now rely on that plan" (Albin v Pearson, 266 AD2d 487, 487 [2d Dept 1999] [internal citation omitted] [holder of third and fourth mortgages could not rely on Chapter 13 plan to which holder objected to renew statute of limitations]; citing Albin v Dallacqua, 254 AD2d 444 [2d Dept 1998] [Chapter 13 plan renewed statute of limitations as to holder of second mortgage on same property which did not object to plan]; cf. Piscitello, 21 AD3d at 528 [bankruptcy filing extended statute of limitations in the absence of any evidence in the record that plaintiff rejected the plan]). In light of the filed objection, plaintiff cannot rely on defendant's Chapter 13 plan to renew the limitations period. 
As the Court previously determined on the motions to renew, FAPA applies retroactively "to all actions commenced on an instrument described under subdivision four of section two hundred thirteen of the civil practice law and rules in which a final judgment of foreclosure and [*4]sale has not been enforced" (L 2022, ch 821, § 10), and it is undisputed that plaintiff's predecessor accelerated the amount due under the subject loan when it commenced the prior action in 2007. As plaintiff cannot now rely on defendant's Chapter 13 plan to renew the limitations period, this action is time barred, and vacatur of the Dismissal Order thus is not warranted.
Accordingly, it is hereby
ORDERED that the motion is denied; and it is further
ORDERED that, within ten (10) days of the date hereof, defendants shall serve a copy of this Decision and Order, with notice of entry, upon plaintiff, and shall file proof of said service via NYSCEF.
The foregoing constitutes the Decision and Order of the Court.
Dated: September 24, 2024
White Plains, New York
E N T E R:
HON. DAMARIS E. TORRENT, A.J.S.C.

Footnotes

Footnote 1:Defendants object to this application being brought by Notice of Motion rather than by Order to Show Cause as required by CPLR 5015(a). However, as defendants had a full opportunity to respond to the motion, no party is prejudiced by plaintiff's procedural error. The Court thus disregards the error pursuant to CPLR 2001 and considers the motion on the merits.